Farm Bureau Agricultural Credit Corporation,
Appellee, *v.* Dicke et al., Appellants.

[Cite as Farm Bureau v. Dicke (1972),
29 Ohio App. 2d 1.]

2

*Messrs. Beard, Childs & Runser,* for appellants.
*Mr. Roger J. Henkener* and *Mr. Ronald Miller,* for appellee.

GUERNSEY, J. This is an appeal by the defendants Donald W. Dicke and his wife, Virginia, from a judgment in a declaratory judgment action determining the rights of the plaintiff credit corporation and said defendants to funds in the possession of the Sheriff of Auglaize County. It appears that on October 18, 1963, in case number 16683 in the Common Pleas Court of Auglaize County the plaintiff took a cognovit judgment against Donald W. Dicke on a note of which he was the sole maker, issued execution thereon and that on October 19, 1963, the Sheriff attended a public sale of farm chattels which had been in possession of Donald W. Dicke and his wife, Virginia, where he attempted to levy, or succeeded in levying, execution against a part of the proceeds of sale in the hands of the auction clerk. These are the funds to which right of ownership is now disputed. The trial court held, in essence, that the chattels which were sold were the partnership property of Dicke and his wife, that the note upon which judgment had been taken was a partnership obligation, and that the funds derived from the sale of the partnership property were subject to the levy of execution on the judgment against Dicke.

The appellants' first assignment of error is that the court erred in not compelling the plaintiff to answer defendants' interrogatories. Examination of the record shows that by entry filed September 6, 1967, the trial court recognized an agreement of the parties that a certified public accountant be appointed as master commissioner to inquire into all matters contained in the interrogatories and ordered same done. The defendants thereby abandoned whatever right they had to have the interrogatories an-

swered in any other manner. Moreover, it does not appear that the appellants have been prejudiced by the interrogatories not having been answered. This assignment of error is without merit.

Appellants' second claim of error is the trial court's holding that the *manner* in which the levy of execution was made in case number 16683 created a valid lien on the funds subject of the case at bar. The circumstances of the levy do not appear in the record in this case nor is there any evidence to support the assertions of the appellants that the funds levied upon were removed from the jurisdiction of the Sheriff, that return of execution was not made prior to the expiration of his term, or. even that his term expired. Suffice it to say that an entry by the trial court filed May 25, 1971, reflects a pre-trial proceeding, resulting in a determination by the trial court as to the manner of levy of execution that "the execution levied under 16683 was valid under the laws of the state." There being nothing in the record to affirmatively show to the contrary the appellants have failed to show error as thus claimed.

In their third assignment of error appellants complain of the court's requiring them to present their evidence out of order. This we conclude has no merit for whether they were so required they have failed to show that they were prejudiced thereby.

The fourth assignment relates to the admission in evidence over appellants' objections of an alleged financing statement which was not signed by Donald W. Dicke, the debtor named therein. The document admitted was not the original financing statement signed by the debtor as well as the secured party as defined in R. C. 1303.39, but was an unsigned copy thereof stamped with the filing information by the county recorder and returned to the secured party as prescribed by R. C. 1309.40(F). A termination statement was completed and signed thereon by the secured party certifying that it no longer claimed "a security interest under the financing statement bearing the file number shown above," and the document was returned to the recorder for file eleven days prior to the public sale here-

**4**

in involved. Standing alone, and in this record it did stand alone, the document had nothing thereon to show the identity of "all farm equipment," only thus generally referred to therein, with the farm equipment sold at the public sale and had no probative value as to the title thereto at such time. Being irrelevant it should not have been admitted. However, on the basis of the conclusions as to title which the trial judge, without a jury, arrived at, which we hereinafter discuss, such admission was not prejudicial to the rights of the appellants.

The appellants as their fifth assignment claim that the court erred "in sequestering the fruits of the children's labor to satisfy a creditor of the father." This has reference to some 1900 bales of wheat and oats straw produced by the labor of the children from fields of neighbors, given by the neighbors in exchange for its removal from the fields, and stored for use in the milk production operation carried on on appellants' farm. It also has reference to certain cattle which had been "given" by the parents to their children to feed and raise as 4-H projects, shown by the children at the County Fair. The straw and the cattle were sold together with other farm chattels as the property of the appellants and not as the separate property of their children.

In respect to the claim that the children had title to these items of property it is observed that the children are not parties to this action and the issues may be resolved only as between the plaintiff credit corporation and the appellant parents. The question therefore is whether, if error, the appellant parents were prejudiced by the conclusion of the trial court that these chattels belonged to the parents as partnership property and not to the children. Such conclusion could not have prejudiced the parents, particularly in view of our conclusions hereinafter as to the respective rights of the actual parties to the funds produced by the public sale. The fifth assignment of error is without merit.

Appellants' sixth assignment of error is that the trial court committed error in its decision in applying a theory

of implied partnership. This we shall discuss together with the seventh assignment that the order of the court is against the manifest weight of the evidence and contrary to law. There was sufficient evidence of probative value with respect to the contributions of capital and labor, the manner of use of a joint bank account, and the frequent representations or acknowledgments, when borrowing money, of joint or common ownership of the chattels involved, that the farm business relationship between the appellants was that of a partnership and that the farm chattels sold at public sale were partnership property. On this state of the evidence we may not conclude otherwise as a matter of law and the fifth assignment of error must be found without merit.

However, the issue then resolves itself as being whether the plaintiff, having taken a judgment individually against Donald W. Dicke, may levy execution on said judgment against partnership property owned by both Donald W. Dicke and his wife, Virginia, the funds produced by the sale of partnership chattels retaining the same character and being partnership funds. (Compare R. C. 1775.24(B)(3).)

We might conclude, notwithstanding that the plaintiff claims, and the trial court found, that the money which was loaned, evidenced by the obligation sued upon, was loaned for partnership use, that since the claim was merged in a judgment individually against Donald W. Dicke, it thereby became his sole obligation which could not be asserted against partnership property. We do not, however, have to rely on such conclusion, arrived at in such manner, for we may arrive at the same conclusion in a different manner.

R. C. 1775.08 prescribes among other things, that:

"(C) Unless authorized by the other partners * * *, one or more but less than all the partners have no authority to:

"* * *

"(4) Confess a judgment;

"* * *"

This means, of course, that one partner, unless author-

ized, may not confess a judgment against the partnership, but does not preclude him from confessing a judgment against himself alone. It is likewise obvious that the mere existence of the partnership relation does not, in and of itself, extend the authority of the other partners to one partner to confess judgment. In other words, the authority is not implied by the partnership relationship but must be expressly granted or appear from other circumstances.

Here there is no evidence in the record of any authority expressly or otherwise granted by Virginia Dicke to her husband to confess judgment against their farming partnership and the plaintiff having taken a cognovit judgment against the husband, under such circumstances, may have recourse only against the individual property of the husband and not against partnership property. His interest in partnership property was subject, of course, to a charging order obtained in the manner prescribed in R. C. 1775.27, but not subject to a levy of execution in the manner here attempted.

We conclude that the trial court committed error as a matter of law prejudicial to the appellants in holding and declaring that the funds herein involved were subject to the levy of execution on plaintiff's judgment, that said levy was valid, and that the funds be paid to the plaintiff.

*Judgment reversed.*

YOUNGER, P. J., and COLE, J., concur.