BUCKMAN, APPELLEE, *v.* GOLDBLATT ET AL., APPELLANTS. ▉

(No. 32659—Decided January 10, 1974.)

*Mr. Christ Boukis,* for appellee.
*Mr. Alan M. Hollander,* for appellants.

DAY, J. This case comes here on appeal[1] after denial of a motion to vacate judgment under Civ. Rule 60(B).[2] The

---

[1]The individual and partnership appellants, defendants below, will be termed "appellants" hereafter when the reference is collective. The plaintiff below will be called the appellee.

[2]Because none of the five grounds for vacation in Civ. Rule 60(B) have any application save the fifth, it is apparent that the motion travelled on the theory that it ought to be granted for some "other reason justifying relief from judgment." See Civ. Rule 60(B)(5).

judgment for which vacation was sought was a judgment in foreclosure to enforce a lien imposed on a partner's undivided interest in partnership real estate after the appellee had secured an individual judgment in a separate proceeding against one of the partners, Appellant Louis Goldblatt."

## I.

Appellants assign five errors:

"1. The Court erred in overruling the Motion to Vacate Judgment for the reasons that the findings and order of sale based thereon in the judgment rendered on June 30, 1972 are contrary to law.

"2. The Court erred in finding that a partner by reason of his partnership interest owns an undivided interest in partnership owned real estate.

"3. The Court erred in imposing a judgment against a partner individually against partnership owned real estate.

"4. The Court erred in ordering such claimed interest in partnership owned real estate sold to satisfy an individual creditor of one of the partners.

"5. The Court was without jurisdiction to enter such judgment."

The first four assignments of error involve essentially the same issue, that is, the propriety of levying execution by foreclosing on the real estate of a partnership to satisfy the judgment debt of an individual partner. The fifth assignment argues that the court below was without jurisdiction to enter a judgment of foreclosure.

The first four assignments of error are well taken. The fifth has no merit. We reverse.

## II.

The last assignment of error is considered first because its disposition is relatively simple. The appellant confuses jurisdiction of the subject matter with legal error. That is, appellant apparently believes that a court loses jurisdiction when it acts incorrectly. This is obviously not the law.

---

"Buckman's judgment against Goldblatt was secured on March 11, 1970. The amount of the judgment was $21,223.00.

Foreclosure proceedings are within the subject matter jurisdiction of any Ohio Court of Common Pleas, and in this case appellant does not attack the trial court's jurisdiction of the persons or partnership involved nor is there a claim that the proper venue was not laid. For these reasons the fifth assignment of error must fail.

### III.

As we have indicated the pivotal determination in the disposition of the first four assignments of error is the legality of the levy. Portions of the Ohio Uniform Partnership Law relevant to this issue provide in pertinent part:

R. C. 1775.24:

"(A) A partner is co-owner with his partners of specific partnership property holding as a tenant in partnership.'

"(B)

"(3) A partner's right in specific partnership property is *not subject to attachment or execution*, except on a claim against the partnership. . . ."[5]

R. C. 1775.25:

"A partner's interest in the partnership is his share of the profits and surplus, and the same is *personal property.*"

The consequence of these statutory enactments is to immunize partnership assets against direct attachment or levy, cf. *Farm Bureau* v. *Dicke* (1972), 29 Ohio App. 2d 1, 2, 5, and thus, by implication, from liens.[6]

The immunization purpose is assisted and emphasized by the definition in R. C. 1775.25, of an individual partner's interest. It follows that appellants had a good de-

---

[4] See 6 Uniform Laws Annotated 326-328 for discussion of tenants in partnership and the considerations giving rise to a statutory delineation of the incidents of such tenancy. Such incidents are not the same as the legal incidents of joint tenancy.

[5] All emphasis has been added in statutes quoted in the text.

[6] The full text of R. C. 1775.24 (A) and (B) demonstrates a clear legislative intention to put partnership assets outside the reach of any claim that requires establishment through the individual partner, whether by assignment, judgment, exemption, or the operation of probate or family law, unless specifically permitted by statute, *e. g.*, R. C. 1775.24 (B)(4) and R. C. 1775.27.

fense to the foreclosure action against "specific partnership property." Assignments of error 1-4 are well taken and the motion to vacate under Civ. Rule 60(B)(5) should have been granted. However, this did not leave creditors in the position of the appellee totally without recourse to the debtor's partnership interest. Such creditors' rights are given attention in R. C. 1775.27.

## IV.

To take account of the claims on the partnership assets of individual creditors of a partner the legislature made the individual partner's interest subject to a charging order under circumstances falling within the statutory design of R. C. 1775.27:

"(A) On due application to a competent court by any judgment creditor of a partner, the court which entered the judgment, order, or decree, or any other court, may charge the *interest of the debtor partner* with payment of the unsatisfied amount of such judgment debt with interest thereon; and may then or later appoint a receiver of his *share of the profits,* and of *any other money due or to fall due* to him *in respect of the partnership,* and make all other orders, directions, accounts, and inquiries which the debtor partner might have made, or which the circumstances of the case may require.

"(B) The interest charged may be redeemed at any time before foreclosure,[7] or in case of a sale being directed by the court may be purchased without thereby causing a dissolution; . . . ."

---

[7]The reference to foreclosure may be somewhat ambiguous but in any event cannot be read as authorizing the remedy of foreclosure for indvidual partner's creditors without irreconcilable conflict with R. C. 1775.24(B)(3). Considering the two sections in *pari materia* and adopting an interpretation which will effect the purposes of both sections, it seems probable that "foreclosure" refers to a foreclosure in support of a judgment against the partnership. See *Shirk* v. *Caterbone* (1963, Pa. Super. Ct.), 193 A. 2d 664, 665, where this conclusion with respect to the meaning of "foreclosure" seems a reasonable extrapolation from the fact pattern and decision in the case. (Levy upon partnership property under a judgment against the partnership. Creditor of individual partner entitled only to his debtor's share of profits or upon liquidation of his debtor's share of the net assets under Section 28 of the Uniform Partnership Act.) Section 28 is R. C. 1775.27 in the Ohio Act.

The interest subjected to the charging order in R. C. 1775.27 has a language mesh with the definition and characterization of a partner's interest in R. C. 1775.25 and provides a remedy for creditors of individual debtor-partners.

## V.

An application of the applicable law to the facts in this case leads to the conclusion that the levy and foreclosure were contrary to law. This impropriety results in a condition for the appellants that the catch-all provisions of Civ. Rule 60(B)(5) was patterned to correct.

The denial of the motion to vacate is reversed, the judgment in foreclosure vacated, the appellee's judgment lien against the appellant partnership's real estate is dissolved without prejudice to appellee's pursuit of the remedies available to him under R. C. 1775.27.

*Judgment accordingly.*

KRENZLER, P. J., and JACKSON, J., concur.