OPINION
Appellant, an obligor judgment debtor pursuant to a Pennsylvania judgment for failure to pay spousal and child support to appellee, his former wife, appeals an adverse judgment of the Portage County Court of Common Pleas, Domestic Relations Division.
Appellant and appellee were divorced in Pennsylvania on February 4, 1992. In June 1993, that court found appellant in contempt for failure to pay spousal support. The court ordered appellant to pay arrearages, and issued a suspended six months prison sentence. Appellant appealed that decision in Pennsylvania, but thereafter moved to Ohio, never having served the sentence.
In June 1995, appellee filed a foreign support order in the Portage County Court of Common Pleas, Domestic Relation Division. Following hearings, the trial court ordered the foreign support order registered and granted judgment thereupon. Appellant challenged this action in this court, and we affirmed the trial court judgment. Larson v. Larson (Mar. 7, 1997), Portage App. No. 96-P-0217, unreported.
In 1996, a debtor's exam revealed that appellant owned an interest in the Elmer L. Larson and Roy B. Larson Family Limited Partnership. The court issued an order prohibiting appellant from transferring assets pending further court order on June 27, 1996. On August 5, 1998, proceedings seeking a charging order and appointment of receiver were filed.
On August 26, 1998, the Ohio court ruled upon the motion for a charging order supported by an affidavit of appellee's counsel and a response from the appellant. The court ordered that "Defendant's partnership interest in the Partnerships (The Elmer L. Larson and Roy B. Larson Family Limited Partnership, c/o Roy B. Larson, a General Partner of the Elmer L. Larson and Roy B. Larson Family Limited Partnership) are hereby charged with the payment of the unpaid balance of Plaintiff's Judgment, the principal sum of $49,088.85 together with accrued interest of $11,696.83, attorneys fees of $388 and costs of Court of $363.87 for a total of $61,537.55." The court further ordered that any and all payments, including but not limited to distributions of earnings and withdrawals of capital which would otherwise be made to defendant by the Partnerships be made instead to appellee in reduction of its judgment. The partnership and partner were ordered to make no payments to appellant on account of his interests in the partnership until appellee's judgment was satisfied of record. If the judgment was not satisfied within ninety days, a receiver would be appointed and "authorized to obtain a writ of execution on behalf of Plaintiff and to proceed with execution sale of Defendant's interests in the Partnerships." This judgment was not appealed.
A subsequent debtor's exam in January 2000, disclosed that the Family Limited Partnership, subject of the charging order, owned one 142 shares of L G Real Estate Development with a value of nearly $300,000. Appellee further learned that appellant had conveyed his individual interest in the Family Limited Partnership to two limited liability companies, i.e., Roy B. Larson Properties, Ltd. and Roy B. Larson, General Interest, Ltd.
On February 18, 2000, the receiver filed a motion in the case requesting an order that appellant appear before the court and produce the 142 shares of common stock of the L G Real Estate Development, Inc. that are in his possession. The court, acting without notice or hearing, granted the motion and ordered appellant to appear with the stock certificates and surrender them to the receiver for sale, upon pain of contempt.
Consistent with the announcement of the court in the February 18, 2000 judgment, appellant was arrested on March 17, 2000. At a hearing on March 20, 2000, the court ordered the appellant to produce the stock certificates to be held by the clerk of courts until a determination of ownership could be made. When appellant refused, he was found in direct contempt by the court and incarcerated.
Following a denial of appellant's motion to stay the order by the trial court, this court of appeals granted a stay conditioned upon a $70,000 bond, which appellant has failed to produce.
Appellant, Roy B. Larson, appeals, assigning four errors:
 "[1.] THE COURT ERRED IN GRANTING AN ORDER, EX PARTE, AND WITHOUT DUE PROCESS OF LAW, FOR THE SURRENDER OF PROPERTY OWNED BY A NON-PARTY.
 "[2.] THE COURT ERRED IN ORDERING THE SALE OF PROPERTY NOT OWNED BY THE JUDGMENT DEBTOR.
 "[3.] THE COURT ERRED IN GRANTING AN EX PARTE ORDER TO PRODUCE DOCUMENTS, WITHOUT FIRST REQUIRING THE APPELLEE TO USE MEANS OF PROPER DISCOVERY PROCEDURE.
 "[4.] The COURT ERRED IN ORDERING THE APPELLANT TO SURRENDER PROPERTY TO A RECEIVER FOR SALE BY THE RECEIVER WHEN THE RECEIVER WAS NOT PROPERLY APPOINTED AND THEREFORE HAD NO AUTHORITY TO ACT."
Appellant argues that the partnership is not a party to the proceedings; that appellant is bound to prosecute a replevin action per R.C. 2737; and, that the court had no authority to order the partner or partnership to surrender the stock.
We find that the process contemplated in R.C. 1775.27, Partner's Interest Subject to Charging Order, is precisely the mechanism that was employed and implemented by the judgment of the court.[1]
In his motion, the receiver claims that the shares are in the possession of appellant. The trial court neither abused his discretion nor acted contrary to law in ordering the appellant to appear and produce the stock certificates.
The first assignment of error is without merit.
Appellant claims that the order that shares of the partnership be sold by the receiver to satisfy the debt of a partner, appellant, is contrary to law, claiming favor of R.C. 1775.24, Buckman v. Goldblatt (1974),39 Ohio App.2d 1, and Farm Bureau Agr. Credit Corp. v. Dicke (1972),29 Ohio App.2d 1. He further claims that a partner's interest is limited to "his share of profits and surplus," R.C. 1775.25; thus, specific partnership assets cannot be attached or sold by a judgment creditor of a partner.
Appellee counters that the February 18, 2000, challenged order was modified to only require that appellant produce the shares for a determination of ownership.[2]
In view of the revised, modified order of the court, we find no demonstration of prejudice and that the assignment of error is rendered moot. The second assignment of error is dismissed for mootness.
Appellant claims that the February 18, 2000 motion to appear and produce documents is violative of the discovery provisions of Civ.R. 34, request for production.
We hold that the provisions of Civ.R. 34 are not the solitary means for implementing the compliance with court orders. As noted by appellee, R.C. 1775.27 provides: "that the court may make all other orders, directions, accounts and inquiries * * * which circumstances of the case may require." In the face of the intransigence and flaunting of prior court orders, including restraining orders, the court did not abuse its discretion in executing the order of which appellant complains.
The third assignment of error is without merit.
Finally, appellant seeks to challenge the process by which the receiver was appointed, claiming that the process was never completed because the receiver neither took an oath of office nor posted a bond in an amount fixed by the court, as required by R.C. 2735.03.
Appellee counters that this receiver was not appointed pursuant to the general receivership statute, R.C. 2735; he was appointed pursuant to R.C. 1775.27, which requires neither an oath nor a bond. See JamestownVillage Condo v. Market Media (1994), 96 Ohio App.3d 678. Appellee further claims that the appointment of the receiver was an appealable final order and the right to challenge was lost by failure so to do.Stiver v. Stiver (1939), 63 Ohio App. 327.
We conclude that the receiver was properly appointed and had legal authority to act.
The fourth assignment of error is without merit.
The judgment of the Portage County Court of Common Pleas, Domestic Relations Division, is hereby affirmed in part; reversed in part and the cause is remanded for further proceedings according to law.
 _________________________________________________________ JUDGE JOHN R. MILLIGAN, Ret., Fifth Appellate District, sitting by assignment.
CHRISTLEY, P.J., NADER, J., concur.
[1] "On due application to a competent court by any judgment creditor of a partner, the court which entered the judgment * * * or any other court, may charge the interest of the debtor partner with payment of the unsatisfied amount of such judgment debt with interest thereon; and may then or later appoint a receiver of his share of the profits, and of any other money due or to fall due to him in respect of the partnership, and make all other orders, directions, accounts, and inquiries which the debtor partner might have made, or which the circumstances of the case may require." R.C. 1775.27(A).
[2] "The Court explained to Counsel that he need only produce the shares of stock and he would be released, that the Clerk would hold the shares until such time as a determination could be made of ownership. Counsel indicated that the Defendant would not agree to produce the shares of stock." The court remanded the defendant to jail "until such time as he is willing to make arrangements to do so. He may purge himself by simply indicating to the Court his willingness to produce the shares of stock to be held by the Court until a later determination on ownership is made." March 20, 2000, Judgment, pg. 122.