**Murray S. MONROE, et al.,
Defendants Appellants,**

v.

**Richard K. BERGER, Plaintiff
Appellee.**

No. C–1–03–013.

United States District Court,
S.D. Ohio,
Western Division.

June 13, 2003.

Charles Gottlieb Atkins, Cincinnati, OH, for Appellants.

Stephen Charles Crowe, Crowe & Welch, Milford, OH, for Appellee.

## ORDER

SPIEGEL, Senior District Judge.

This matter is before the Court on Defendants Appellants' Appeal from Bankruptcy Proceeding (doc. 1); Defendants Appellants' Brief in Support (doc. 6); Plaintiff Appellee's Brief in Response (doc. 7); and Defendants Appellants' Reply (doc. 8).

The facts of this case were recited in detail in the Bankruptcy Court's June 2, 2002 Order that is subject to Defendants' Appeal (doc. 1). The parties' dispute concerns an asset, a partnership

interest in Amelia Estates Limited Partnership, that was determined to be valueless in Plaintiff's 1991 bankruptcy. Prior to the bankruptcy, Defendants' predecessor-in-interest, Provident Bank, had obtained a charging order[1] on Plaintiff's partnership interest. During the bankruptcy proceedings, counsel for Provident Bank and Plaintiff agreed that the asset was valueless and that Provident Bank would be an unsecured creditor of the bankrupt estate. In the distribution of the estate, Provident Bank received $11,534.61 on its unsecured claim. In 1993 Provident Bank assigned its interest in the 1991 Charging Order to Defendants. In subsequent years the interest in Amelia Estates became valuable. Defendants, recognizing the change in value, have taken steps to collect the balance of the original debt, claiming a right to recovery based on their possession of the Charging Order. However, the judgment on which the Charging Order was based had become dormant. Defendants' attempt to revive the judgment was rejected in state trial and appellate courts. Defendants also initiated actions to appoint a receiver to collect the proceeds from the anticipated sale of the asset. In response, Plaintiff sought relief in Bankruptcy Court to enjoin Defendant's collection efforts. Plaintiff's position is that Defendant's claim for the balance of his debt was discharged in his bankruptcy, inasmuch as such claim was by agreement converted to an unsecured claim.

Plaintiff specifically alleges that Defendants violated the discharge injunction of his 1991 bankruptcy by filing a February 28, 1997 state court action to appoint a receiver, and a November 13, 1997 state court motion to revive the 1991 Judgment (*Id.*). Although there has been no formal amendment of the Complaint and Answer, the Bankruptcy Court also found the issue of Defendants' October 18, 2001 filing of a state court action to appoint a receiver ripe for adjudication pursuant to Bankruptcy Rule 7015 and Fed.R.Civ.P. 15 (*Id.*).

Essentially, the parties dispute whether Defendants' interest in the 1991 Charging Order is viable after Plaintiff's 1991 bankruptcy, and under the dormancy statute, Ohio Rev.Code § 2329.07. Defendants argue that their state court proceedings are justified because the 1991 Charging Order constitutes a lien or created a lien that "rode through" the bankruptcy. Defendants reason, therefore, that there is no time limitation for them to act to enforce such lien.

The Bankruptcy Court found that the Charging Order was discharged in bankruptcy and that the dormancy statute negated the viability of any purported lien created by the Charging Order (*Id.*). Consequently, the Bankruptcy Court enjoined the Defendants from commencing or continuing any action to revive the 1991 Judgment, or to execute on such judgment or to commence or continue any action to appoint a receiver relative to the 1991 Charging Order (*Id.*). The Bankruptcy Court further found it appropriate to hold the Defendants liable for Plaintiff's attorney fees under *In re Miller*, 247 B.R. 224 (Bankr.E.D.Mich.2000) (*Id.*).

On June 14, 2002, Defendants filed their Notice of Appeal pursuant to 28 U.S.C. § 158(a)(1) and the Federal Rules of Bankruptcy Procedure 8001, *et seq.*, and Local Rules for the United States Bankruptcy Court for the Southern District of Ohio (January 1, 2002), Rule 8004–1 (*Id.*). Jur-

---

1. A charging order is a statutory procedure whereby an individual partner's creditor can satisfy its claim from the partner's interest in the partnership. *See* Ohio Rev.Code 1775.27.

isdiction is proper in this case and the matter is now ripe for the Court's review.

## I. Standard of Review

 Defendants have filed their appeal pursuant to Title 28 U.S.C. § 158(a)(1)(2000), which states: "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." 11 U.S.C. § 158(a). Under 28 U.S.C. § 158(c), appeals from core bankruptcy proceedings are required to be reviewed in the same manner as appeals in civil proceedings generally taken from District Courts; therefore Fed.R.Civ.P. 52(a) requires that findings of fact shall not be set aside unless clearly erroneous. However, Rule 52 is silent as to review of conclusions of law in bankruptcy cases and such issues must be reviewed *de novo*. *In re Overly–Hautz Co.*, 81 B.R. 434 (N.D.Ohio 1987).

## II. Defendants' Appeal

Defendants argue that the Charging Order, under Ohio Rev.Code § 1775.27, can be enforced against the debtor's limited partnership interest without time limitation (doc. 6). Defendants further argue that it is a separate, wholly independent charge against the limited partnership interest of the debtor and remains enforceable even if the judgment against the debtor personally has become dormant (*Id.*). Defendants argue that the Charging Order passed through Debtor's bankruptcy so that they are not in contempt of the bankruptcy stay by enforcing such order against Plaintiff's partnership interest (*Id.*).

### A. Defendants' Position on Ohio Rev.Code § 1775.27

Defendants argue that Ohio Rev.Code § 1775.27 is the sole and exclusive method by which a debtor's limited partnership may be subjected to sale or satisfaction of an unsatisfied judgment against the debtor-partner. Such section reads:

> On due application to a competent court by any judgment creditor of a partner, the court which entered the judgment, order, decree, or any court may charge the interest of the debtor with payment of the unsatisfied amount of such judgment debt with interest thereon; and may then or later appoint a receiver of his share of the profits, and of any other moneys due or to fall due to him in respect of the partnership, and make all other orders, directions, accounts, and inquiries which the debtor partner might have made, or which the circumstances of the case require.

Ohio Rev.Code § 1775.27(A). In support of this preliminary proposition, Defendants cite to three Ohio cases pertaining to the protection that Section 1775 provides to partnership assets from claims based on the discrete debts of one partner (doc. 6). (*Citing Farm Bureau v. Dicke*, 29 Ohio App.2d 1, 277 N.E.2d 562 (1972), *Buckman v. Goldblatt*, 39 Ohio App.2d 1, 314 N.E.2d 188 (1974), and *Farmers State Bank & Trust Co. v. Mikesell*, 51 Ohio App.3d 69, 554 N.E.2d 900 (1988)).

Defendants next argue that a Section 1775 charging order constitutes a perfected lien against the debtor's limited partnership interest (doc. 6). Defendants argue that such charging order continues independently and that it is unaffected by the continued existence of a judgment lien, or by statutory time limitations affecting a judgment lien or by statutory prerequisites for the appointment of receivers (*Id.*). Defendants ground such argument in a comparison of the Ohio and Maryland statutes pertaining to charging orders, finding

such statutes virtually identical, and then pointing toward Maryland case law they view favorable to their position, *Keeler v. Academy of American Franciscan History, Inc.*, 257 B.R. 442 (Bankr.D.Md.2001) (*Id.*). Defendants argue that *Keeler* supports the proposition that a charging order is a pre-petition lien that passes through bankruptcy unscathed (*Id.*). As such, Defendants argue, they are within their rights to act to enforce a valid charging order (*Id.*).

### B. Plaintiff's Response.

Plaintiff argues that under the plain language of Ohio Rev.Code § 1775.27, a charging order is not a lien, and that Ohio case law has never made such a determination (doc. 7). Plaintiff signals that none of the three Ohio cases cited by Defendants state that a charging order constitutes a lien or even use the word lien (*Id.*). Moreover, Plaintiff argues that a charging order is dependent on the existence of an underlying judgment and is therefore subject to extinguishment by dormancy under Ohio Rev.Code § 2329.07 (*Id.*). The bankruptcy discharge, argues Plaintiff, precludes the revival of the underlying judgment or the charging order (*Id.*). Finally, argues Plaintiff, the charging order does not pass through the judgment debtor's bankruptcy where the judgment creditor's secured claim is disallowed pursuant to 11 U.S.C. § 502 upon objection of the Bankruptcy Trustee pursuant to 11 U.S.C. § 506(d).

### III. Discussion

■ Having reviewed this matter, the Court finds well-taken the Bankruptcy Court's conclusion that it is not established in Ohio statutory or case law that a charging order constitutes a lien or creates a lien. Regardless of arguable differences in other jurisdictions, Ohio law simply does not provide that a charging order passes

through a bankruptcy unscathed. Moreover, the plain language of Section 1775 pertains to the application to a court by a judgment creditor. Judgment debts in Chapter Seven bankruptcy proceedings, absent the exceptions of 11 U.S.C. § 523, are subject to discharge in bankruptcy, so that a judgment creditor loses his status as judgment creditor after the bankruptcy is effected. *See* 11 U.S.C. § 727(b). There is no evidence that any exceptions of Section 523 apply to this case. As such, the underlying judgment debt was discharged and Defendants lack standing to invoke Section 1775 as they are no longer judgment creditors.

■ Furthermore, the Court finds well-taken Plaintiff's arguments that the United States Bankruptcy Court for the Southern District of Florida, in an Agreed Order, found the claim at issue allowable as a general unsecured claim in the amount of $51,321.72 (doc. 7). Such order recites that "Creditor's counsel has agreed that the claim be allowed in full as a general unsecured claim" (*Id.*). On or about November 15, 1994, the Chapter Seven Trustee disbursed $11,534.61 to the creditor on the basis of Defendants' $51,321.72 unsecured claim. Defendants' argument would essentially put the Court in the posture of allowing them to renege on a prior agreement by their predecessor-in-interest, memorialized in a court order, that the claim at issue be considered unsecured.

As noted by the Bankruptcy Court, the state trial court and the state appellate court have already held that the 1991 Judgment became dormant under Ohio Revised Code § 2329.07. The Bankruptcy Court found that assuming, *arguendo*, that the Charging Order did indeed create a lien, that any such lien was "wiped out" when the underlying judgment became dormant (doc. 1)(*citing Geauga Savings Bank v. Nall*, 1999 WL 960574 (Ohio Ct. App. Sept. 30, 1999) *citing Thompson v.*

*Slone,* 68 Ohio App.3d 575, 589 N.E.2d 118 (1991)). The Court finds such reasoning well-taken, and agrees with the Bankruptcy Court's conclusion that the Plaintiff's 1991 bankruptcy discharged the judgment against him.

■ As a consequence of these findings, the Court concludes that the various actions by the Defendants to assert claims based on the 1991 Charging Order violated the discharge injunction. Although from Defendants' perspective, it may seem unfair that Plaintiff is today gleaning profit from an asset to which there formerly was a claim, the fact is that in 1991 creditor's counsel agreed to the proposition that the asset was valueless, and agreed the claim to such asset was unsecured. There is no evidence that the creditor was fraudulently induced to arrive at such agreement. The "fresh start" policy of bankruptcy law would be violated if creditors were permitted to convert unsecured claims to secured claims after the fact of a bankruptcy discharge.

Accordingly, the Court DENIES Defendants' Appeal (doc. 1) and AFFIRMS the Bankruptcy Court's Order of June 6, 2002 granting Debtor's motion for summary judgment, denying Defendants' motion for summary judgment, and enjoining Defendants from commencing or continuing any action to revive the 1991 Judgment or to execute on such judgment or to comment or continue any action to appoint a receiver relative to the 1991 Charging Order. The Court further AFFIRMS the Bankruptcy Court's finding that it is appropriate to hold Defendants liable for the Plaintiff's reasonable attorney fees, which amount shall be determined by the Bankruptcy Court.

SO ORDERED.