NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1276n.06

No. 12-3335

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| MARK R. WELLMAN; GINA S. WELLMAN, | ) | |
| | ) | **FILED** |
| Plaintiffs-Appellants, | ) | **Dec 11, 2012** |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | |
| | ) | ON APPEAL FROM THE |
| PNC BANK, a subsidiary of The PNC Financial | ) | UNITED STATES DISTRICT |
| Services Group, Inc., a Pennsylvania Corporation, | ) | COURT FOR THE SOUTHERN |
| successor to National City Mortgage Co.; P. RANDALL | ) | DISTRICT OF OHIO |
| KNECE, individually and in his official capacity as the | ) | |
| Judge of Pickaway County, Ohio, Common Pleas Court; | ) | |
| PETER B. ABELE, individually and in his official | ) | |
| capacity as a Judge of the Fourth District Court of | ) | |
| Appeals for Pickaway County, Ohio; ROGER L. KLINE, | ) | |
| individually and in his official capacity as a Judge of the | ) | |
| Fourth District Court of Appeals for Pickaway County, | ) | |
| Ohio; WILLIAM H. HARSHA, individually and in his | ) | |
| official capacity as a Judge of the Fourth District Court | ) | |
| of Appeals for Pickaway County, Ohio; MATTHEW W. | ) | |
| MCFARLAND, individually and in his official capacity | ) | |
| as a Judge of the Fourth District Court of Appeals for | ) | |
| Pickaway County, Ohio; PICKAWAY COUNTY, | ) | |
| OHIO, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

BEFORE: KETHLEDGE and WHITE, Circuit Judges; LUDINGTON, District Judge.[*]

PER CURIAM. Mark and Gina Wellman appeal the district court's dismissal of their complaint filed under 42 U.S.C. § 1983 for failure to state a claim. We AFFIRM.

---

[*]The Honorable Thomas L. Ludington, United States District Judge for the Eastern District of Michigan, sitting by designation.

The Wellmans' complaint arose out of a foreclosure action in state court in which the Wellmans, as mortgagors, were the defendants. In their present complaint, the Wellmans alleged the following facts, which we accept as true: National City Mortgage Company (NCMC) began foreclosure proceedings against the Wellmans in the Pickaway County Court of Common Pleas in 1996 and again in 2002. The Wellmans and NCMC "attempted to enter into" a settlement forbearance agreement in 2003. NCMC filed a motion to enforce the agreement, and after a fifteen-minute hearing, the common pleas court granted NCMC's motion and dismissed the Wellmans' counterclaim. NCMC allegedly "perpetrated willful and malicious fraud" in the motion proceeding by presenting a copy of the settlement forbearance agreement that was not validly executed and by submitting a false affidavit from its vice president. The Wellmans were unaware that the balance claimed by NCMC in the settlement forbearance agreement was arbitrarily inflated when they signed the agreement, and they discovered that NCMC had falsified the amount due when they obtained the payment history for their account in 2004. According to the Wellmans, NCMC did not own the mortgage when it filed the foreclosure action in 2002, as NCMC had assigned the mortgage in 1995 and did not obtain reassignment until 2007. The Wellmans claim NCMC then improperly prepared that assignment purporting to be effective as of March 5, 2002. The Pickaway County Court of Common Pleas and the Fourth District Court of Appeals allegedly ignored NCMC's fraud by simply enforcing the settlement forbearance agreement.

Seeking compensatory and punitive damages pursuant to § 1983, the Wellmans filed their complaint against PNC Bank, the successor to NCMC; Pickaway County Court of Common Pleas Judge P. Randall Knece, in his individual and official capacities; Fourth District Court of Appeals Judges Peter B. Abele, Roger L. Kline, William H. Harsha, and Matthew W. McFarland, in their

individual and official capacities; and Pickaway County (collectively, Defendants). The Wellmans claimed that Defendants violated their rights to due process and equal protection under the Fourteenth Amendment in connection with the foreclosure action. Defendants moved to dismiss the Wellmans' complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), and the district court granted the motion. This timely appeal followed.

We review de novo a district court's dismissal of a complaint for failure to state a claim. *McGlone v. Bell*, 681 F.3d 718, 731 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The district court held that PNC was entitled to dismissal because it was not a state actor for purposes of § 1983. "A § 1983 claim must satisfy two elements: 1) the deprivation of a right secured by the Constitution or laws of the United States and 2) the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (citation omitted). The Wellmans contend on appeal that PNC conspired with the state-court judges, rendering it liable under § 1983. "If a private party has conspired with state officials to violate constitutional rights, then that party qualifies as a state actor and may be held liable pursuant to § 1983 . . . ." *Cooper v. Parrish*, 203 F.3d 937, 952 n.2 (6th Cir. 2000). But "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Dennis v. Sparks*, 449 U.S. 24, 28 (1980). Rather, to plead a § 1983 conspiracy, the Wellmans must allege that: "(1) a single plan existed, (2) the conspirators shared a conspiratorial objective to deprive the plaintiffs of their constitutional rights, and (3) an overt act

was committed." *Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir. 2007). As the district court correctly held, the Wellmans failed to plead the existence of a conspiracy between PNC and the state-court judges even in a conclusory fashion.

The district court dismissed the state-court judges based on absolute judicial immunity.[1] A judge performing judicial functions is absolutely immune from suit seeking monetary relief, even if acting erroneously, maliciously, or in excess of the judge's authority. *See Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) (per curiam); *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). A judge is not immune in two circumstances: (1) when the judge acts in a nonjudicial capacity, or (2) when the judge acts in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11–12. The Wellmans argue that the state-court judges acted in the absence of jurisdiction because the foreclosure complaint was void ab initio due to the invalid retroactive assignment of the mortgage. A judge acts in the complete absence of all jurisdiction only if the matter upon which the judge acts is clearly outside the subject matter of the court over which the judge presides. *Stern v. Mascio*, 262 F.3d 600, 607–08 (6th Cir. 2001). The Ohio courts of common pleas have "original jurisdiction in all civil cases in which the sum or matter in dispute exceeds the exclusive original jurisdiction of county courts," including foreclosure actions. Ohio Rev. Code § 2305.01; *see* Ohio Const. art. IV, § 4(B); *Buckman v. Goldblatt*, 314 N.E.2d 188, 189 (Ohio Ct. App. 1974). Ohio county courts have exclusive original jurisdiction for the recovery of sums not exceeding five hundred dollars in civil actions, Ohio Rev. Code § 1907.03(A), and the Wellmans do not claim that the state-court

---

[1]The district court dismissed Judge Harsha because he did not sit on the appellate panel that affirmed the judgment of foreclosure. On appeal, the Wellmans do not address the district court's ruling with respect to Judge Harsha and have therefore abandoned the issue. *See United States v. Johnson*, 440 F.3d 832, 845–46 (6th Cir. 2006).

foreclosure action involved a sum that would have vested exclusive jurisdiction in the county court.

Lack of standing to bring a foreclosure action does not deprive the common pleas court of subject-matter jurisdiction. *See Wash. Mut. Bank, F.A. v. Wallace*, 957 N.E.2d 92, 100 (Ohio Ct. App. 2011). The Ohio courts of appeals have jurisdiction over appeals from Ohio's inferior courts. Ohio Const. art. IV, § 3(B)(2); Ohio Rev. Code § 2501.02. Because the foreclosure action and the appeal were within the subject-matter jurisdiction of their courts, the district court properly held that the state-court judges were entitled to absolute judicial immunity.

The district court held that Pickaway County cannot be held liable for the actions of the state-court judges. Counties cannot be held liable under § 1983 based on respondeat superior; rather, "liability only attaches where a custom, policy, or practice attributable to the [county] was the 'moving force' behind the violation of the plaintiff's constitutional rights." *Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647–48 (6th Cir. 2012) (citation omitted). The Wellmans argue on appeal that the state-court judges, acting in the absence of jurisdiction, carried out an unconstitutional policy and that their actions as policymakers rendered Pickaway County liable under § 1983. Such allegations are absent from their complaint, which fails to mention any policy or policymaking authority. Moreover, the Wellmans fail to identify the purported county policy underlying the judges' actions, and they cite no authority for the proposition that Ohio state-court judges are county policymakers. As the district court correctly observed, state-court judges are members of an independent branch of the Ohio government. Accordingly, the district court properly held that the Wellmans failed to state a § 1983 claim against Pickaway County.

For the foregoing reasons, we AFFIRM the district court's judgment.