596 A.2d 76

**O.C. PARTNERSHIP**

v.

**OWRUTSKY AND ASSOCIATES, P.A.**

**No. 1553, Sept. Term, 1990.**

Court of Special Appeals of Maryland.

Oct. 1, 1991.

Steven K. Fedder (Michael P. Smith and Weinberg and Green, on the brief), Baltimore, for appellant.

Morton J. Owrutsky, and Owrutsky and Associates, P.A., Salisbury, for appellee.

Argued before GARRITY and FISCHER, JJ., and JAMES S. GETTY (Retired), Specially Assigned.

FISCHER, Judge.

After a hearing on July 24, 1990, the Circuit Court for Worcester County directed O.C. Partnership (Partnership) to pay $34,560 to Owrutsky and Associates, P.A. (Owrutsky). This was the amount allegedly held in the capital account of one of the Partnership's partners. At issue in this case is the legal effect of a charging order obtained by a judgment creditor, pursuant to § 9–505(a) of the Maryland Corporations and Associations Article, against the interest of one of the partners.

Prior to the commencement of these proceedings, the Partnership filed suit against D.R. Andersen and Associates, Inc. (Andersen), owner of fifty percent of the Partnership, for the theft of Partnership funds. In January, 1988, the Partnership obtained a judgment against Andersen in the amount of $38,489.41. Owrutsky represented Andersen during the lawsuit.

A week later, Owrutsky filed a complaint for judgment by confession against Andersen in an amount exceeding $47,000. His action was inspired by a $40,000 promissory note which Andersen allegedly executed in March, 1987 as payment for legal services rendered by Owrutsky. Owrutsky then obtained a charging order against Andersen's interest in the Partnership, alleging that Andersen was "entitled to substantial profits and other monies in respect of the partnership." Owrutsky next filed a motion for an

order directing payment, challenging the Partnership's right to set off Andersen's capital account by the amount of Andersen's theft of Partnership funds.

In September, 1989, the trial court appointed a receiver to conduct an accounting of Andersen's interest in the Partnership. According to the receiver's report, at the end of 1987 there had been $34,560 in Andersen's capital account, and at the end of 1988, Andersen's capital account balance was adjusted to reflect the $38,489 judgment awarded the Partnership. The receiver, however, did not consider the fact that the judgment obtained by the Partnership against Andersen and the ensuing adjustment to Andersen's capital account were due to Andersen's prior theft of Partnership funds.

Owrutsky points out that on March 5, 1987 D.R. Andersen & Associates, Inc. signed a note in the amount of $40,000 and also signed a financing statement which was duly recorded in the Circuit Court for Worcester County, Maryland. The financing statement covered "[a]ll rights including monies due and to become due under an agreement made by debtor on May 31, 1981—'O.C. Partnership.'" After the August 13, 1987 recordation of the financing statement, several other pertinent events occurred:

1. On January 14, 1988, the Partnership obtained judgment against Andersen for thefts occurring prior to 1986.

2. On January 21, 1988, Owrutsky obtained judgment by confession on Andersen's note.

3. On February 3, 1988, Owrutsky obtained a charging order on Andersen's interest in Partnership property.

4. In late 1988, an accounting adjustment was made against Andersen's capital account to set off the Partnership's judgment.

Owrutsky avers that the issue in this case is one of priorities. We disagree. Before reaching the question of priorities, it is first necessary to calculate Andersen's Partnership interest. That interest, as reflected by the amount

of Andersen's capital account, is the sum available for attachment by creditors like Owrutsky. Unfortunately, in light of Andersen's theft of Partnership funds, Andersen's debts to the Partnership exceeded the amount in Andersen's capital account.

Owrutsky presents a number of alternative reasons why he is entitled to the amount that was contained in Andersen's capital account prior to the accounting adjustment. First, he avers that his charging order takes precedence over the subsequent accounting adjustment. By filing the charging order, Owrutsky became entitled to reach Andersen's interest in the Partnership. As we stated in *Rector v. Azzato*, 74 Md.App. 684, 692, 539 A.2d 1162 (1988), "[A] charging order is a legislatively created means by which a creditor can reach his debtor's partnership interest without destroying the partnership to the detriment of third parties unconnected with the debt...." Owrutsky correctly proceeded to assert his rights against Andersen's capital account by filing a charging order pursuant to the provisions of Corps. & Ass'ns Art. § 9–505. Andersen's interest in the Partnership, however, could only be determined in relation to the assets and liabilities of the Partnership and in relation to the assets and liabilities of the partners to the Partnership.

As stated in § 9–401 of the Md.Corps. & Ass'ns Art., "Each partner shall be repaid his contributions, whether by way of capital or advances to the partnership property and share equally in the profits and surplus remaining after *all liabilities* ... are satisfied ..." (emphasis added). *See also, Hall v. Clagett*, 48 Md. 223, 235 (1878) ("The debts of the partnership outstanding, it was irregular to undertake to distribute any assets thereof, amongst the partners, until they [the debts] were paid. The right of any partner or his representative, could be only to his share of any surplus....").

The theft of Partnership funds by Andersen constituted a valid debt to the Partnership. Only after settling that debt could the amount of Andersen's capital account be deter-

mined. The monies, if any, remaining in Andersen's capital account would be the amount subject to attachment under Owrutsky's charging order. As Andersen was indebted to the Partnership in an amount greater than his capital account, there was no surplus available for Owrutsky.

In point of fact, it was unnecessary for the Partnership to obtain a judgment against Andersen in order to adjust Andersen's capital account. The existence of a valid debt from Andersen to its partners was sufficient, and the judgment obtained by the Partnership in this case was merely conclusive evidence of the debt.

■■ Owrutsky also avers that he has a claim pursuant to Com.Law Art. § 9–501 which states that a secured party may reduce his claim to judgment, and upon doing so, the lien shall relate to the date of perfection of the security interest. Owrutsky contends that, since he perfected his security interest by filing the financing statement on August 12, 1987, he has a valid lien upon Andersen's capital account effective August 12, 1987.

A valid lien on personalty, however, is not established until an actual levy is made. Md.Cts.Jud.Proc.Code Ann. § 11–403. Pursuant to Section 9–505 of the Corporations Article, a levy on a partnership interest is effected by obtaining a charging order. Owrutsky's security interest dates from August 12, 1987, but the amount of money available in the capital account for attachment is determined only after Andersen's debts to the Partnership are satisfied. Andersen was previously indebted to the Partnership for $38,489.41 (the amount of the theft which was ultimately reduced to judgment), but during the relevant time frame, Andersen's capital account contained only $34,560. It is obvious, therefore, that no money was available for Owrutsky to attach via the charging order.

JUDGMENT REVERSED.

COSTS TO BE PAID BY APPELLEE.