716 A.2d 1096

**LAUER CONSTRUCTION, INC.**

v.

**Claude E. SCHRIFT, et al.**

**No. 1886, Sept. Term, 1997.**

Court of Special Appeals of Maryland.

Sept. 2, 1998.

Daniel J. Mellin (Michael P. Darrow and Hillman, Brown & Darrow, P.A., on the brief), Annapolis, for appellant.

Orbie R. Shively (Liebmann & Shively, P.A., on the brief), Baltimore, for appellees, Schrift, et al.

Christopher L. Hamlin (James M. Greenan and Greenan, Walker, Trainor & Billman, on the brief), Greenbelt, for appellee, Gibson's Lodgings.

Argued before MURPHY, C.J., and HOLLANDER and EYLER, JJ.

EYLER, Judge.

The issue of first impression presented by this appeal is whether a judgment creditor has the power, pursuant to Md.Code (1993 Repl.Vol., 1997 Supp.) Corporations & Associations (CA) § 10–705, to force a sale of the debtor general partner's interest in a limited partnership. We answer that question in the affirmative.

## Facts

Gibsons Lodgings Limited Partnership, a Maryland limited partnership, owns and operates a bed and breakfast facility in Annapolis known as Gibsons Lodgings. Claude and Carol Schrift, appellees, are the general partners, and Cary and Ayrol Ann Gibson, John and Diane Lauer, and Duane and Veronica Dickson are the limited partners. Claude Schrift manages the facility owned and operated by the limited partnership. John Lauer and Duane Dickson are the stockholders in Lauer Construction, Inc., appellant.

On March 20, 1997, appellant obtained a judgment against the Schrifts in the amount of $58,909.72. On March 27, 1997, appellant filed a motion for ancillary relief pursuant to Md. Rule 2–651, requesting an order requiring the Schrifts to show cause why their partnership interest should not be sold. On April 1, 1997, appellant requested that a charging order be issued pursuant to Md. Rule 2–649.

The Circuit Court for Anne Arundel County entered a charging order on April 8, 1997. The charging order, in pertinent part, ordered that the partnership interest of Claude and Carol Schrift be charged with payment of the judgment and that Daniel J. Mellin be appointed as receiver for the judgment debtor's interest and share of the profits of Gibsons Lodging Limited Partnership. Also on April 8, 1997, the circuit court issued an order requiring the Schrifts to show cause why the relief requested in appellant's motion for ancillary relief should not be granted. The Schrifts responded to both the motion and the show cause order.

A hearing was held on the issues on August 20, 1997. Before discussing the results of that hearing, we note that on May 7, 1997, Gibsons Lodgings Limited Partnership filed a motion to intervene in the action and on that same date filed a suggestion of bankruptcy. The motion to intervene was later granted by the circuit court, and the limited partnership is an additional appellee herein. The limited partnership's suggestion of bankruptcy was later withdrawn. The record reveals that the bankruptcy petition had been filed under Chapter 11 of the Bankruptcy Act, and a plan of reorganization under the Act was confirmed by the United States Bankruptcy Court on June 25, 1997.

As a result of the hearing on August 20, 1997, the court entered an order on August 28, 1997, denying the relief sought by appellant on the ground that the relief was not authorized pursuant to CA § 10–705.

Before proceeding to discuss the issues raised, we also note that, at the end of March, 1997, appellant garnished the wages due Claude Schrift from the limited partnership. It is undisputed that approximately $650 per month has been paid on the judgment since April, 1997, pursuant to that wage garnishment.

### Discussion

Title 9 of the Corporations and Associations Article is the Uniform Partnership Act (UPA), promulgated by the National

Conference of Commissioners on Uniform State Laws (Uniform Commissioners) in 1914, and adopted by the Legislature in 1916.[1] Title 10 is the Revised Uniform Limited Partnership Act (RULPA), promulgated by the Uniform Commissioners in 1976, and adopted by the Legislature effective July 1, 1982.[2] Both acts create a creditor remedy called a "charging order," CA §§ 9–505 and 10–705, the purpose of which is to protect the partnership business and prevent the disruption that would result if creditors of a partner executed directly on partnership assets. *See 91 st Street Joint Venture v. Goldstein,* 114 Md.App. 561, 567–68, 571–72, 691 A.2d 272 (1997). In *91 st Street Joint Venture* we described in detail the charging order remedy as it applies to a partner's interest in a general partnership. In particular, we delineated the procedures governing the sale of a charged partnership interest pursuant to CA § 9–505. We did not address the issue presented by this case—whether a forced sale also is available when the interest charged is an interest in a limited partnership.

■ Appellant first argues that CA § 10–705 [3] applies only to a limited partner's interest in a limited partnership and not

---

**1.** Effective July 1, 1998, Maryland has repealed the UPA and has adopted the Revised Uniform Partnership Act (RUPA) which was promulgated by the Uniform Commissioners in 1994. Pursuant to CA § 9–1205, the UPA applies to this action as it was commenced prior to July 1, 1998. We note, however, that, despite the employment of some different language, the pertinent provisions of the Act remain substantively the same with the exception that the new charging order provision, codified at CA § 9–504, now expressly provides that the charging order is the creditor's exclusive remedy against a partnership interest.

**2.** The Uniform Limited Partnership Act (ULPA) was promulgated by the Uniform Commissioners in 1916 and adopted by the Legislature in 1918. It was repealed in 1982 when the RULPA was adopted.

**3.** Section 10–705 provides:
   **Rights of creditor.**
   On application to a court of competent jurisdiction by any judgment creditor of a partner, the court may charge the partnership interest of the partner with payment of the unsatisfied amount of the judgment with interest. To the extent so charged, the judgment creditor has only the rights of an assignee of the partnership interest.

to a general partner's interest in a limited partnership. Appellant asserts that, rather, a general partner's interest is chargeable only under CA § 9–505.[4] Consequently, according to appellant, a judicial sale of the interest in question is permitted, and denial of the sale was an abuse of discretion because the judgment will not be paid out of the profits within a reasonable time. *See 91 st Street Joint Venture*, 114 Md. App. at 580–81, 691 A.2d 272.

Appellant is incorrect. CA § 10–705 provides that a court may charge the "partnership interest" of the "partner" with payment of the unsatisfied amount of a judgment. Section 10–101(j) defines "partner" as "a limited or general partner." It is clear, therefore, that § 10–705 does apply to the sale of a general partner's interest in a limited partnership.

 Appellant next argues that, assuming CA § 10–705 is applicable, the lack of reference to a sale in that section does not mean that a sale is not an available remedy to creditors of a partner of a limited partnership. In support of that argu-

---

This title does not deprive any partner of the benefit of any exemption laws applicable to his partnership interest.

4. Section 9–505 provides:
**Partner's interest subject to charging order.**
   (a) *Authority of court.*—On due application to a competent court of any judgment credit of a partner, the court which entered the judgment, order or decree, or any other court, may charge the interest of the debtor partner with payment of the unsatisfied amount of the judgment debt with interest thereon; and may then or later appoint a receiver of his share of the profits, and of any other money due or to fall due to him in respect of the partnership, and make all other orders, directions, accounts and inquiries which the debtor partner might have made, or which the circumstances of the case may require.
   (b) *Redemption of interest.*—The interest charged may be redeemed at any time before foreclosure or in case of a sale being directed by the court may be purchased without thereby causing a dissolution:
      (1) With separate property, by any one or more of the partners; or
      (2) With partnership property, by any one or more of the partners with the consent of all the partners whose interests are not so charged or sold.
   (c) *Partner's interest in partnership not deprived by title.*—Nothing in this title shall be held to deprive a partner of his right, if any, under the exemption laws, as regards his interest in the partnership.

ment, appellant points to § 10–108, which provides that the provisions of Title 9, the UPA, shall apply to limited partnerships, except to the extent that the provisions are inconsistent with or are modified by the provisions of Title 10, the RULPA. Appellant fares much better with this argument.

CA § 10–705 provides that a creditor of a partner may charge the partnership interest of the partner, and that the creditor has only the rights of an assignee. Section 10–705 does not contain the same enforcement mechanisms as does § 9–505. Accordingly, at first blush, § 10–705 does not appear to be consistent with § 9–505. A further examination of the two acts, however, reveals that they are consistent in that the interest chargeable under each act is exactly the same. Under § 10–702, an assignee has only the right to receive distributions to which the assignor is entitled. Similarly, the interest chargeable under § 9–505 is the debtor partner's interest in the partnership. Pursuant to § 9–503, that interest is defined as the partner's share of the profits and surplus. Thus, under both acts, the interest chargeable is the debtor partner's right to receive distributions. Given that the property interest chargeable under each act is identical, and CA § 10–705 is silent regarding enforcement mechanisms, we must, pursuant to CA § 10–108, apply the enforcement mechanisms contained in CA § 9–505.

A review of the history of CA § 10–705 confirms this conclusion. The official comment to CA § 10–705 provides as follows:

This section is derived from § 10–121(a) and (d) of the previous Limited Partnership Act (§ 22 of the prior uniform law), but has not carried over some provisions that were thought to be superfluous. For example, references in § 10–121(a), (b), and (c) of the previous Limited Partnership Act (subdivisions (1), (2), and (3) of § 22 of the prior uniform law) to specific remedies have been omitted, as has a prohibition against discharge of the lien with partnership property. Ordinary rules governing the remedies available

to a creditor and the fiduciary obligations of general partners will determine those matters.

(1982 Cum.Supp.).

Former CA § 10–121 (§ 22 of the prior uniform law) provided as follows:

**Rights of creditors of limited partner.**

(a) On due application to a court of competent jurisdiction by any judgment creditor of a limited partner, the court may charge the interest of the indebted limited partner with payment of the unsatisfied amount of the judgment debt; and may appoint a receiver, and make all other orders, directions, and inquiries which the circumstances of the case may require.

(b) The interest may be redeemed with the separate property of any general partner, but may not be redeemed with partnership property.

(c) The remedies conferred by paragraph (a) shall not be deemed exclusive of others which may exist.

(d) Nothing in this act shall be held to deprive a limited partner of his statutory exemption.

(1975 Repl.Vol.).

Under the predecessor to CA § 10–705 a court was empowered to make all "orders, directions, and inquiries which the circumstances of the case may require." The existence of that broad power coupled with the absence of any indication of intent to circumscribe that power in the RULPA, when read in conjunction with the official comment quoted above and CA § 10–108, leads us to agree with appellant's position.

The issue before us has been the subject of only a few reported appellate cases. The reasoning of the courts in the following cases is in accord with the reasoning expressed herein. *Madison Hills Limited Partnership v. Madison Hills, Inc.,* 35 Conn.App. 81, 644 A.2d 363 (1994), *cert. denied,* 231 Conn. 913, 648 A.2d 153 (1994); *Crocker Nat. Bank v. Perroton,* 208 Cal.App.3d 1, 255 Cal.Rptr. 794 (Cal.App. 1 Dist.1989); *Baybank v. Catamount Construction, Inc.,* 141

N.H. 780, 693 A.2d 1163 (1997). *But see, In re Stocks,* 110 B.R. 65 (Bkrtcy.N.D.Fla.1989), and *Chrysler Credit Corp. v. Peterson,* 342 N.W.2d 170 (Minn.App.1984).

We conclude that the enforcement remedy contained in CA § 9–505 is applicable to the facts of this case as described in and limited by this Court's decision in *91 st Street Joint Venture,* 114 Md.App. 561, 691 A.2d 272.

**JUDGMENT REVERSED; CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY APPELLEES.**