**In re Robert Helfrich KEELER, Debtor.**

**Robert Helfrich Keeler, Movant,**

v.

**Academy of American Franciscan History, Inc. and Wheeler & Korpeck, LLC, Respondents.**

**Bankruptcy No. 99–2–4703–DK.**

United States Bankruptcy Court, D. Maryland, at Greenbelt.

Jan. 16, 2001.

Terri Lynn Sneider, Edgewater, MD, for debtor.

Patrick C. McKeever, Miller Miller & Canby, Rockville, MD, for Academy of American Franciscan History, Inc.

Robert Brownwell, Galesburg, MI, for Wheeler & Korpeck, LLC.

## MEMORANDUM OF DECISION

DUNCAN W. KEIR, Bankruptcy Judge.

The question presented to this court is whether a charging order obtained by a judgment creditor upon the interests of a judgment debtor in a partnership survives an order of discharge in a subsequent bankruptcy case brought by that debtor.

This bankruptcy case was commenced by the filing of a voluntary petition under Chapter 7 of the United States Bankruptcy Code on December 20, 1999, by Robert Helfrich Keeler, debtor. Within the Schedule B filed with the petition, the debtor listed partnership interests in Gaither Road Partnership ("GRP"), "which owns a 45% interest in the 370 Limited Partnership."[1] Listed among unsecured creditors was the Academy of American Franciscan History, Inc. ("Academy"), as well as Wheeler & Korpeck, LLC ("W & K"). On June 27, 2000, the Chapter 7 Trustee filed a report of no distribution and on May 11, 2000, a discharge order was entered pursuant to 11 U.S.C. § 727. Thereafter, on July 20, 2000, a final decree was entered and the bankruptcy case was administratively closed.

Subsequently, on August 17, 2000, debtor requested a reopening of the bankruptcy case to determine whether a violation of the order of discharge had occurred. Debtor also filed a document entitled "Motion for Declaratory Relief and Summary Judgment" ("Debtor's Motion") asserting therein that charging orders which had been entered by the Circuit Court for Montgomery County, before the bankruptcy, against the Partnership Interests and

in favor of Academy, had been terminated by the order of discharge. Debtor further asserted that subsequent to the order of discharge, Academy (by counsel) has attempted to collect income on account of the Partnership Interests. In addition, Debtor averred that W & K has received income from the subject partnerships on account of the Partnership Interests, which W & K has refused to pay over to the debtor.

Normally, a request for a declaratory judgment requires the filing of a separate federal action denominated as an adversary proceeding. Fed.R. of Bankr.P. 7001(9). However, Debtor's Motion, in effect, asserts that the respondents are violating the discharge order entered in this bankruptcy case. Redress for a violation of the order of discharge may be sought by the debtor through a motion filed in the bankruptcy case. *In re Horton,* 87 B.R. 650, 651 (Bankr.D.Colo.1987). Accordingly, this dispute may be brought before the court as a contested matter in the bankruptcy case.

On August 30, 2000, this court reopened the bankruptcy case and entered an order requiring Academy and W & K to show cause why they should not be held to be in violation of the order of discharge. Also, on August 30, 2000, Academy filed an answer to the debtor's request to reopen, opposing the reopening of the case and opposing the relief requested in Debtor's Motion. As a part of its opposition to Debtor's Motion, Academy has filed a cross-motion for summary judgment. A hearing upon all motions was held on October 31, 2000, after which this court held the matter under advisement.

On September 13, 2000, W & K filed an answer to the order to show cause in which W & K states that W & K acted as an escrow agent for GRP of which the debtor is one of the general partners. GRP's sole

---

1. The debtor's interest in these partnerships is hereinafter referred to as the "Partnership    Interests."

asset is asserted to be a limited partnership interest in 370 Limited Partnership which in turn makes a distribution to GRP approximately twice a year. These funds are deposited and disbursed by W & K as escrow agent to the partners of GRP.

According to W & K, Academy has had a charging order against the Partnership Interests for several years and as a consequence W & K has made the distributions attributable to those interests to Academy. Also, according to W & K, these distributions have been the subject of repeated litigation in the courts of Maryland including several interpleader actions filed by W & K as escrow agent. Under a consent order entered in the Circuit Court of Montgomery County, W & K has been paying all distributions that would be owed to the debtor, to Academy including distributions in January and July of 1999, preceding the debtor's bankruptcy filing. The February, 2000 distribution was retained by W & K pending "resolution of the bankruptcy."

After receiving a copy of the discharge order, W & K paid the February, 2000 distribution to Academy in accordance with the prior state interpleader consent order. On July 27, 2000, GRP received another distribution and W & K has held monies otherwise distributable on account of the Partnership Interests, because of the debtor's request to reopen and Debtor's Motion filed in this case.

Pursuant to Federal Rule of Civil Procedure 56(c), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Both in their pleadings and at the hearing, the parties through counsel assert and agree that there are no disputes of material fact, and that the issue to be decided by this court is purely a matter of law.

As set forth in the pleadings and as reflected in Exhibit 1 introduced into evidence at the hearing, the charging order was entered by the Circuit Court for Montgomery County, Maryland, on December 20, 1989, charging the Partnership Interests on account of a judgment if favor of Academy. That judgment remained in part unpaid on the date of the petition in bankruptcy.

The debtor asserts that a charging order is akin to a garnishment of future income under which, as money became available to GRP, the debtor's distribution was attached by the charging order in favor of Academy. Debtor further asserts that upon the discharge of debt to Academy, the charging orders did not survive that "satisfaction of the debt." Debtor further asserts that the charging orders caused no assignment of debtor's property interests and did not constitute a lien upon property of the debtor. Accordingly, the debtor concludes that upon the entry of the discharge order, Academy had no further right to obtain possession of monies payable to the debtor on account of the Partnership Interests.

Debtor's first argument, that the judgment is "satisfied" by the order of discharge and thus "[t]he charging orders cannot survive the discharge ..." is incorrect as a matter of law. The discharge granted by the bankruptcy court does not extinguish the indebtedness or cause it to be satisfied. The order of discharge is a permanent injunction barring the commencement or continuation of an action to recover or collect the debt as a personal liability of the debtor and voids any judgment to the extent that the judgment is a determination of personal liability of the debtor. 11 U.S.C. § 524(a). However, it does not extinguish the liability itself and thus the liability is not satisfied by the discharge. *Williams v. Texaco, Inc.*, 165

B.R. 662, 671 (D.N.M.1994). As a result, a surety, such as a guarantor of the obligation of a debtor, remains liable and can be acted against to collect on the contract of the surety. *See, e.g. In re Applewood Chair Co.,* 203 F.3d 914, 918 (5th Cir.2000); *Star Phoenix Min. Co. v. West Bank One,* 147 F.3d 1145, 1147, n. 2 (9th Cir.1998).

■ Nor does the voiding of the judgment extinguish liens that were obtained pre-petition by recordation of, or execution upon the judgment. It is correct that a garnishment is stayed as to attachment to property after the date of the petition in bankruptcy, and that upon entry of discharge in Chapter 7, the discharged debt cannot form the basis for a subsequent garnishment or execution. *See, In re Schneiderman,* 254 B.R. 296, 298 (Bankr. D.C.2000) (discharge injunction enjoins creditor from enforcing its prepetition judgment against debtor by obtaining writ of garnishment). Thus, for example, a garnishment of wages does not attach to wages earned by the debtor after the date of the petition in bankruptcy pursuant to 11 U.S.C. § 362(a), and has no future effect after entry of the discharge. *Id.* at 299; *In re Baker,* 217 B.R. 609, 610 (Bankr.N.D.Cal.1998).

Similarly, an attachment laid upon a bank account does not attach additional deposits received into that account after the petition in bankruptcy and upon entry of discharge has no effect as to further deposits made after discharge.[2] *Matter of Clowney,* 19 B.R. 349, 353 (Bankr. M.D.N.C.1982). ("The bankruptcy discharge as provided by section 524(a)(2), protects 'property of the debtor' from the collection attempts of creditors holding discharged debts. 'Property of the debtor' is that property acquired by the debtor

after commencement of the bankruptcy case."); *accord, DPW Employees Credit Union v. Tinker Federal Credit Union,* 925 P.2d 93, 95 (Okl.App.1996) (concluding creditor's post petition attempts to enforce garnishment summons against debtor's credit union account to be "clear violation of automatic stay.").

■ However, the filing of a bankruptcy petition does not automatically void the lien of a creditor obtained by way of execution or garnishment on property to which the execution or garnishment attached pre-bankruptcy petition. Nor does the entry of a discharge void such a pre-petition lien. Unless otherwise addressed by orders entered in the bankruptcy case, prepetition liens held by creditors "ride through" the bankruptcy unscathed. *Dewsnup v. Timm,* 502 U.S. 410, 416, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992); *Cen-Pen v. Hanson,* 58 F.3d 89, 92–93 (4th Cir.1995).

■ It is correct that actions necessary to liquidate liens are stayed under 11 U.S.C. § 362(a), beginning at the instant of the filing of the petition. However that stay subsequently terminates by statute when the property which is the subject of the lien is no longer property of the bankruptcy estate. 11 U.S.C. § 362(c). In this case, the stay ended as to actions against property, at the time of the closing of the case.

■ While debtor argues that the charging order operates much like a writ of garnishment and is stayed by the filing of the petition and has no effect post-discharge, Academy argues that the charging order effectuated a lien which was not avoided through any order entered in the bankruptcy case and thus survived the

---

2. A pre-petition attachment laid upon a bank in which a judgment debtor has an account is a garnishment of a debt owed to the debtor by the bank. Md.R.Civ.P. 2–645(a). In Maryland, absent a bankruptcy case filing, a garnishment of a bank account attaches not only to deposit amounts existing on the date that the garnishment is served on the bank, but

also attaches to additional deposit amounts made into the account and hence due by the bank to the debtor until an order of condemnation is subsequently entered. *Messall v. Suburban Trust Co.,* 244 Md. 502, 507, 224 A.2d 419, 421 (1966); *Flat Iron Mac Associates v. Foley,* 90 Md.App. 281, 290–91 600 A.2d 1156, 1160 (1992).

bankruptcy case and could be acted upon after the termination of the automatic stay. The nature of the interests acquired pre-petition by the entry of the charging order must be determined by applicable state law. *Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979) ("Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding."); *American Bankers Ins. Co. of Florida v. Maness,* 101 F.3d 358, 363 (4th Cir.1996).

Section 9–505(a) of the Corporations and Associations Article of the Annotated Code of Maryland provides:

§ 9–505 Partner's interest subject to charging order.

(a) Authority of court.—On due application to a competent court of any judgment creditor of a partner, the court which entered the judgment, order or decree, or any other court, may charge the interest of the debtor partner with payment of the unsatisfied amount of the judgment debt with interest thereon; and may then or later appoint a receiver of his share of the profits, and of any other money due or to fall due to him in respect of the partnership, and make all other orders, directions, accounts and inquiries which the debtor partner might have made, or which the circumstances of the case may require.

Similarly, Section 10–705 of the Corporations and Associations Article provides:

§ 10–705 Rights of creditor.

On application to a court of competent jurisdiction by any judgment creditor of a partner, the court may charge the partnership interest of the partner with payment of the unsatisfied amount of the judgment with interest. To the extent so charged, the judgment creditor has only the rights of an assignee of the partnership interest. This title does not deprive any partner of the benefit of any exemption laws applicable to his partnership interest.

■ In addition, Rule 2–649 of the Maryland Rules of Civil Procedure provides for the issuance of a charging order charging the partnership interest of the judgment debtor with the payment of all amounts due on the judgment. The statutes and rule do not provide any expressed procedure or direction as to the means or methods for liquidating the creditor's rights that are obtained by a charging order. *Lauer Construction, Inc. v. Schrift,* 123 Md.App. 112, 716 A.2d 1096 (1998), *91st Street Joint Venture v. Goldstein,* 114 Md.App. 561, 691 A.2d 272 (1997). Case law observes that there are two basic collection methods for the charging order.

(1) the diversion of the debtor partners profits to the judgment creditor; and (2) the ultimate transfer of the debtor partner's interest should the first collection method prove unsatisfactory.

*Id.* at 572, 691 A.2d at 278 (citations omitted).

■ Notwithstanding debtor's argument to the contrary, a lien is established upon the debtor's interest in the partnership at the time a levy is effectuated by the obtaining of the charging order. *O.C. Partnership v. Owrutsky & Associates, P.A.,* 88 Md.App. 507, 509, 596 A.2d 76, 77 (1991). In the case of *Neubauer v. Mercantile Safe Deposit & Trust Co., (In re Neubauer),* 1993 WL 56785 (D.Md.1993), the United States District Court affirmed the United States Bankruptcy Court for the District of Maryland (Derby, J.), in determining that a charging order obtained pre-petition was not subject to avoidance as a preference because it had been obtained before the 90th day preceding the filing of the bankruptcy case. Although the central argument in *Neubauer* was whether the original charging order lapsed and was reinstated within the 90 days immediately prior to bankruptcy, implicit in the decision of the bankruptcy

court and the affirming opinion of the district court is that a transfer of an interest in property of the debtor occurred when the charging order was created, *i.e.*, that a lien arose upon the debtor's interest in the partnership.

Although the debtor attempts to characterize the monies which became available for distribution from GRP post-discharge as future income of the debtor which would be protected against the continuing effect of a writ of garnishment, in fact and law the distributions were on account of the Partnership Interests, which interests had been liened by the charging order. Thus, the continued effect of the charging order did create new transfers in violation of Section 362 and subsequently Section 524 of the Bankruptcy Code.

■ No order affecting the lien of the pre-petition charging order was entered during the duration of the bankruptcy case.[3] Accordingly, under the doctrine discussed above, although any action to collect upon the lien was stayed during the bankruptcy case, the lien itself "rode through" the bankruptcy case and remains viable upon property captured before the case commenced. Consequently, the rights of the holder of the lien remain unaffected after the bankruptcy case, including the right to collect income due to the partner (debtor) on account of the Partnership Interests. *Accord, In re Raiton,* 139 B.R. 931, 936 (9th Cir. BAP 1992) (reversing bankruptcy court, and holding that charging order entered pursuant to California's Uniform Partnership Act provides a judgment creditor with a valid lien on the partnership property).

■ The debtor makes further arguments which are completely without basis for the conclusion which the debtor urges upon the court. The debtor points to the fact that Academy filed no proof of claim asserting a secured claim in the bankruptcy case and that Academy filed no objection or protest to the schedules filed by the debtor which listed Academy's debt as an unsecured claim. No creditor is required to file a proof of claim in a bankruptcy case in order to protect a pre-petition lien. In fact, in this case the notice of the filing of bankruptcy entered by the clerk and sent to creditors instructs creditors not to file proofs of claim because the assets scheduled disclosed no assets for distribution. Even if this had been a case in which there was a deadline for filing proofs of claim, the failure to file a proof of claim would result only in the disenfranchisement of the claimant from receiving a distribution from property of the estate on account of the claim. It does not result in the loss by a secured creditor of its security interest or lien in collateral.

■ The debtor has an absolute obligation to correctly and accurately list all assets and indebtedness, under pain and penalty of perjury. There is no requirement upon a creditor whose claim has been mischaracterized in such schedules, to object upon peril of losing its secured status. These arguments of the debtor are completely without basis.

■ The debtor also attempts to argue the alleged incorrectness of the state court's entry of the charging order and orders in subsequent litigation concerning the effect and validity of the charging order. This court cannot review final orders of a state court with competent jurisdiction. *See, District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *see also, GASH Associates v. Village of Rosemont, Ill.,* 995 F.2d 726 (7th Cir.1993) (explaining that *Rooker/Feldman* "rests on the principle that district courts have only original jurisdiction; the full appellate jurisdiction

---

**3.** A review of this otherwise unremarkable Chapter 7 case, does not indicate any basis

upon which such an order could have been obtained.

over judgments of state courts in civil cases lies in the Supreme Court of the United States . . . . ").

The final orders of the state court are res judicata on the issues which debtor seeks to raise as to the alleged incorrectness of the state court's orders including arguments of lack of due process. This courts is required and will give full faith and credit to those orders. *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 466, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982) ("Section 1738 [of title 28] requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged").

The court concludes from the undisputed facts that no violation of the order of discharge occurred by the post discharge actions of Academy in enforcing and liquidating its charging order through collection of the partnership distributions. While the pre-petition judgment may not be used, post-discharge, as the basis for obtaining any new liens or for collection against the debtor personally, no facts have been asserted that Academy has attempted any such prohibited actions. For this reason, Academy's cross-motion for summary judgment upon the Debtor's Motion shall be granted and the Debtor's Motion denied. A separate order in conformity with these findings and conclusions shall be entered.