**In re Robert Helfrich KEELER.**

**Robert Helfrich Keeler,**

v.

**Academy of American Franciscan History, Inc., et al.**

**CIV. A. No. DKC 2001–0888.**

United States District Court,
D. Maryland.

Feb. 14, 2002.

Terri Lynn Sneider, Law Office, Annapolis, MD, for Robert Helfrich Keeler.

Patrick C. McKeever, Miller, Miller & Canby, Rockville, MD, for Academy of American Franciscan History, Inc.

## MEMORANDUM OPINION

CHASANOW, District Judge.

This case is before the court on appeal from the order of Bankruptcy Judge Duncan Keir denying Appellant Robert Helfrich Keeler's motion under Fed.R.Civ.P. 59(e) for reconsideration or, in the alternative, for new trial. Presently pending and ready for resolution in this case are 1) Appellee Academy of American Franciscan History, Inc.'s renewed motion to dismiss the appeal, 2) Appellee's motion to stay the appeal pending the outcome of Appellant's appeal to the Court of Special Appeals of Maryland and 3) Appellant's appeal from the denial of his motion to reconsider or

for new trial on the grounds that new evidence demonstrated that the state court charging order at issue was not a proper final state court judgment and so should have been reviewed by the bankruptcy court.[1] In light of the Maryland Court of Special Appeals' resolution of Appellant's state appeal, Appellee's motion to stay the present appeal is moot. Oral argument is deemed unnecessary because the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument. *See* Bankr.Rule 8012. For reasons that follow, the court will deny Appellee's motion to dismiss, but affirm the bankruptcy's court's denial of Appellant's motion to reconsider.

## I. Background

The following facts are uncontroverted. Both parties agreed in their pleadings and in the hearing before the bankruptcy court that there is no dispute of material fact, *In re Keeler*, 257 B.R. 442, 445 (Bankr.D.Md. 2001), and Appellant has not appealed any of the bankruptcy court's factual findings.

Appellant commenced his original bankruptcy case by voluntary petition under Title 7 of the United States Bankruptcy Code on December 20, 1999. Schedule B filed with his petition listed a partnership interest in Gaither Road Partnership which owned an interest in the 370 Limited Partnership (hereinafter "Partnership Interests"). One of the unsecured creditors of this partnership was Appellee. on

May 11, 2000, a discharge order was entered and on June 27, 2000, the Chapter 7 Trustee filed a report of no distribution. On July 20, 2000, a final decree was entered and the bankruptcy case was administratively closed.

On August 17, 2000, Appellant requested a reopening of the bankruptcy case because he alleged that Appellee attempted to collect income on account of the partnership interests pursuant to a charging order entered by the Circuit Court for Montgomery County prior to the bankruptcy. Appellant alleged that this charging order had been terminated by the bankruptcy discharge and so Appellee had no right, post bankruptcy petition, to the income it collected pursuant to that charging order.

In the case before the bankruptcy court, Appellant argued that the charging order was not an assignment of property interests or a lien upon his property. Instead, he argued that it was akin to a garnishment of wages (future income) and, thus, the charging order did not survive satisfaction of the debt. Because the debt was satisfied upon its discharge in bankruptcy court, Appellant asserted that Appellee had no further right to obtain income payable to the partnership interests after that discharge.

Holding that "[t]he nature of interests acquired pre-petition by the entry of the charging order must be determined by

---

**1.** In his brief, Appellant also contends that the bankruptcy court erred in ruling that a pre-petition lien against property captured before the bankruptcy "rides through" the bankruptcy unscathed and is not automatically discharged by the bankruptcy. However, Appellant only appeals from the Bankruptcy court's denial of his Rule 59(e) motion for reconsideration of its previous order denying relief to Appellant, or for new trial, not from the merits of the first order itself. Appellant's motion

to reconsider was predicated not on a challenge to the Bankruptcy court's legal determination regarding the status under Maryland law of a pre-petition charging order, but on a challenge to the legality of that charging order itself. Hence, only the question of whether the bankruptcy court abused its discretion by not reviewing the legality of the state court charging order is properly before this court on appeal.

applicable state law," *In re Keeler*, 257 B.R. at 447, *citing Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979) ("Property interests are created and defined by state law."); *see also American Bankers Ins. Co. of Florida v. Maness*, 101 F.3d 358, 363 (4th Cir.1996), the bankruptcy court analyzed the charging order under Maryland law to determine whether it was a mere garnishment of Appellant's future income or whether a property interest was transferred.

The nature of the property interest in the charging order was critical because Appellant argued that a garnishment of future income can have no effect post-bankruptcy discharge. A pre-petition lien against property, on the other hand, is not automatically avoided by the filing of the bankruptcy petition. "Unless otherwise addressed by orders entered in the bankruptcy case, pre-petition liens held by creditors 'ride though' the bankruptcy unscathed." *Keeler*, 257 B.R. at 446, *citing Dewsnup v. Timm*, 502 U.S. 410, 416, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992); *Cen-Pen Corp. v. Hanson*, 58 F.3d 89, 92–93 (4th Cir.1995).

The court ruled that while the bankruptcy had discharged Appellant's personal liability for debts owed to Appellee, the charging order had been unaffected by the bankruptcy and remained a lien upon property captured before the case had been commenced. Further, it ruled that the *Rooker–Feldman* doctrine (as well as *res judicata*) barred it from reviewing final orders of a state court with competent jurisdiction and so the court could not consider Appellant's challenges to the validity of the charging order.

On his motion for reconsideration or, in the alternative, for a new trial, Appellant did not challenge the bankruptcy court's legal conclusion that the charging order acted as a lien against property and so "rode though" the bankruptcy. Instead, Appellant claimed to have "newly discovered evidence" that the state court was without jurisdiction to grant the charging order; particularly alleging that he was never properly served in accordance with Maryland law. Paper no. 1, Appellant's Appendix, Motion for Reconsideration. Accordingly, he contended that the charging order was not a proper "final order" and so neither res judicata nor the *Rooker–Feldman* doctrine should prevent the bankruptcy court from reviewing it to determine whether the Montgomery County Circuit Court has jurisdiction to issue it.

The bankruptcy court denied Appellant's motion on the ground that the state court's charging order is no less a final judgment just because Appellant challenges its underlying validity. Appellant appeals from this denial, arguing that it was an abuse of discretion for the bankruptcy court not to review the charging order and that *Rooker–Feldman* should not apply.

## II. Standard of Review

On appeal from the bankruptcy court, the district court acts as an appellate court and reviews the bankruptcy court's findings of fact for clear error and conclusions of law *de novo*. *In re Deutchman*, 192 F.3d 457, 459 (4th Cir.1999) (internal citations omitted). *See also In re Kielisch*, 258 F.3d 315, 319 (4th Cir.2001) ("[W]e review findings of fact for clear error and conclusions of law de novo.") On appeal, the court, "review[s] the denial of a motion to alter or amend under Fed R. Civ. P. 59(e) for abuse of discretion." *Collison v. International Chemical Workers Union, Local 217*, 34 F.3d 233 (4th Cir.1994), *citing Temkin v. Frederick County Comm'rs*, 945 F.2d 716, 724 (4th Cir.1991), *cert. denied*, 502 U.S. 1095, 112 S.Ct. 1172, 117 L.Ed.2d 417 (1992); *see*

also *Pacific Insurance Co. v. American National Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir.1998). In considering Appellant's motion, the bankruptcy judge applied the standard recognized by the Fourth Circuit that there are three grounds for amending an earlier judgment pursuant to Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pacific Insurance,* 148 F.3d at 403, *citing EEOC v. Lockheed Martin Corp., Aero & Naval Sys.,* 116 F.3d 110, 112 (4th Cir.1997); *Hutchinson v. Staton,* 994 F.2d 1076, 1081 (4th Cir.1993). Appellant does not challenge the bankruptcy court's application of this standard when considering his Rule 59(e) motion. Hence, the district court reviews the bankruptcy court's denial of Appellant's motion only for abuse of discretion in failing to take into account relevant factors or acting on the basis of " 'legal or factual misapprehensions' respecting these factors." *Pacific Insurance,* 148 F.3d at 402, 403, *quoting James v. Jacobson,* 6 F.3d 233, 242 (4th Cir.1993).

## III. Analysis

Appellant appeals on the ground that the bankruptcy court allegedly abused its discretion by declining to review whether the state court charging order was a proper final judgment despite new "evidence" that the state court lacked jurisdiction over the matter. Specifically, Appellant challenges the application of the *Rooker–Feldman* doctrine, which holds that lower federal courts lack jurisdiction to review final state court decisions. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923). Appellant argues that because the state charging order is allegedly void, *Rooker–Feldman,* as well as doctrines of preclusion, do not apply to bar the bankruptcy court from reviewing that charging order. Paper no. 1, Appellant's Brief, at 6. Appellee, on the other hand, contends in its motion to dismiss that the decision of the Court of Special Appeals of Maryland upholding the state charging order against Appellant's jurisdictional challenge renders Appellant's appeal moot and merits dismissal of the appeal. Paper no. 14. Therefore, the court's determination of whether the bankruptcy court correctly declined to review the validity of the state charging order because it lacked jurisdiction under *Rooker–Feldman* will determine both whether the bankruptcy court abused its discretion and whether the Maryland Court of Special Appeals decision is relevant to this appeal and so grounds for dismissal.

### A. Rooker–Feldman

The *Rooker–Feldman* doctrine creates a jurisdictional obstacle to collateral review of final state court judgments in federal court. This doctrine "rests on the principle that district courts have only original jurisdiction; the full appellate jurisdiction over judgments of state courts in civil cases lies in the Supreme Court of the United States..." *GASH Associates v. Village of Rosemont, Illinois,* 995 F.2d 726, 728 (7th Cir.1993). "The doctrine prohibits the United States District Courts, with the exception of habeas corpus actions, from 'sit[ting] in direct review of state court decisions.' " *Jordahl v. Democratic Party of Virginia,* 122 F.3d 192, 199 (4th Cir.1997), *quoting Feldman,* 460 U.S. at 483 n. 16, 103 S.Ct. 1303. Accordingly, the bankruptcy court would not have subject matter jurisdiction over claims barred by *Rooker–Feldman.*

Appellant argues that the state charging order was void because, among

other things, there was never effective service of process and so is not a valid final judgment for the purposes of *Rooker–Feldman*. Because the state charging order is void, Appellant argues, it should be given no preclusive effect. However, *Rooker–Feldman* is not a doctrine of preclusion, but of jurisdiction. *See GASH*, 995 F.2d at 728 (The *Rooker–Feldman* doctrine has nothing to do with the Full Faith and Credit Statute, 28 U.S.C. § 1728, which requires the federal court to give the same preclusive effect to state court judgments as the rendering state would).

■ Appellant contends that *Rooker–Feldman* should not apply where the state court had no jurisdiction to render the charging order. However, there is no procedural due process exception to the *Rooker–Feldman* doctrine for the argument that there was not a fair opportunity to be heard on the merits in state court, nor for state judgments that do not qualify as final judgments on the merits. "If the state trial court erred... relief was available in the appellate courts of Minnesota." *In re Goetzman*, 91 F.3d 1173, 1177–78 (8th Cir. 1996), *cert. denied*, 519 U.S. 1042, 117 S.Ct. 612, 136 L.Ed.2d 537 (1996).

■ There is ·a split among the circuits as to whether there is a narrow exception to *Rooker–Feldman* for state judgments that are void *ab initio*. Most circuits recognize no exception and agree with *GASH*, 995 F.2d at 728, that the only federal review of a final state order lies with the Supreme Court, after the debtor has exhausted state appellate rights. *See also In re Ferren*, 203 F.3d 559 (8th Cir.2000) (bankruptcy court lacks jurisdiction under *Rooker–Feldman* to void a state court de-

cision). Some circuits, however, recognize a limited exception. *See In re Pavelich*, 229 B.R. 777, 781–83 (9th Cir. BAP 1999) (bankruptcy court can override state court judgment to extent that state court construes the bankruptcy discharge incorrectly because such judgment is void *ab initio* under Bankruptcy Code section 524(a)(1)[2]); *see also In re Dabrowski*, 257 B.R. 394 (Bankr.S.D.N.Y.2001) (exception when state court judgment entered is void because the claim underlying the judgment is discharged in bankruptcy). The Fourth Circuit has not spoken on this issue.

This exception would be inapplicable in the current case in any event. First, the exception is only raised in cases where the state court and bankruptcy court have concurrent jurisdiction over some liability of a debtor that is the subject of a bankruptcy discharge. Specifically, Section 524(a), the source of this exception to *Rooker–Feldman* where it is recognized, voids the state judgment to the extent that it is a determination of *personal* liability with respect to a debt discharged in the bankruptcy. Here, the pre-petition charging order at issue was not a personal liability, but a liability of the partnership and was not, in any case, discharged in the bankruptcy by the determination of the bankruptcy court. Even in the context of concurrent jurisdiction, a bankruptcy court in this circuit not only refused to recognize an exception, but assailed the reasoning of the Ninth Circuit in *Pavelich*, stating that, "[o]nce the debtors choose a forum and that court renders judgment, the debtors cannot then run to the other forum if the result is incorrect." *In re Toussaint*, 259 B.R. 96, 102 (Bankr. E.D.N.C.2000). Moreover, that bankruptcy court stated:

---

**2.** Bankruptcy Code section 524(a)(1) sets forth the effect of a discharge in bankruptcy and states, in pertinent part, that a discharge, "voids any judgment at any time obtained to

the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under Section 727... of this title."

... once that state court exercises concurrent subject matter jurisdiction and renders judgment, the state court judgment is at worst erroneous, not void ab initio, and the bankruptcy court lacks jurisdiction to collaterally attack the decision. The only way a bankruptcy court could procedurally review that judgment would be to, in effect, sit as an appellate court over the state trial court. This is exactly what the *Rooker–Feldman* doctrine prohibits.

*Id.*, at 102–103. Therefore, there is no exception to *Rooker–Feldman* recognized in the Fourth Circuit that would be applicable to the current case.

### B. Motion to Dismiss

■ Appellee asserts that the Maryland Court of Special Appeals' recent ruling in its favor satisfies any doubts as to the validity of the charging order that is challenged on appeal by Appellant. However, because of *Rooker–Feldman*, whether a state appellate court upheld the trial court's ruling is irrelevant to any error by the bankruptcy court because the bankruptcy court could not review the validity of that original charging order whether it was appealed or not. Accordingly, Appellee's motion to dismiss is denied.

### C. Merits of the Appeal

Appellant appeals the denial of his motion to reconsider or, in the alternative, for a new trial. The substance of his claim is that the bankruptcy judge abused his discretion by denying the motion to reconsider after appellant presented "newly discovered evidence" allegedly demonstrating that the state court was without jurisdiction to render the charging order at issue in the bankruptcy court's decision. As demonstrated above, apart from a limited circumstance in some circuits, there is no exception to the *Rooker–Feldman* doctrine for challenges to state court rulings predi-

cated on jurisdictional concerns. *See GASH*, 995 F.2d at 728; *Goetzman*, 91 F.3d at 1177–1178. Furthermore, the Court of Special Appeals of Maryland did affirm the Montgomery County Circuit Court decision at issue, denying Appellee's contentions that the lower court lacked jurisdiction to grant the charging order. Though the failure of Appellant's state court appeal is irrelevant given *Rooker–Feldman*, it suggests that Appellant suffered no prejudice from the bankruptcy court's refusal to review the charging order and even more strongly supports the notion underlying *Rooker–Feldman* that lower federal courts cannot sit in appellate review of state courts. Because Appellant appeals only the Rule 59(e) motion to reconsider, the district court reviews only for abuse of discretion. Finding none, we AFFIRM.

## IV. Conclusion

The bankruptcy court lacks jurisdiction under the *Rooker–Feldman* doctrine to review state court judgments, even for alleged jurisdictional deficiencies, and so did not abuse its discretion in declining to review the validity of a Maryland state court charging order. The operation of *Rooker–Feldman* renders the resolution of a state court appeal irrelevant to the question raised on appeal before this court. Accordingly, Appellee's motion to dismiss is DENIED, but the bankruptcy court's denial of Appellant's motion to reconsider or, in the alternative, for new trial, is AFFIRMED.